UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON K. MARSH,

                Plaintiff,

vs.                                    Case No.  2:02-cv-599-FtM-29SPC

The State of Florida, Department of
Children and Families; Jerry Reiger;
Kathleen Kearney; Gregory Donald
Venz; Lynda Sommers, Mark Hernandez;
Dr. Robert Briody; Herbert T.
Caskey; Marie Labesky; Allen Paul
Grimes; Jorge L. Santana; Jack
Youmans; D. Robbie Mosley; William
K. Landers; Jamie Landers; Brenda
Allen; L. Davis; Mr. Hartley; C.
Nunn; L. Davis, Jr., F. Jeannette
Nunn; Mr. White, Mr. Cartel, Tiffany
Lane, James A. Staunton; Ms. D.
Tyler; T. Donsbach; Douglas Shadell;
Teresa Snow; Ms. Jackson; Robert
Bellino; Chris Ackerman; Ms. Jones;
Jennifer Haymes; Robert Vaughn; F.
Jones; Bartian Witfield; Kenny T.
Wilkins; The Florida Civil
Commitment Center; Liberty
Behavioral Healthcare Corporation,

All Sued in Their Individual and
Official Capacities.

                Defendants.

_____

## **ORDER**

This matter come before the Court upon Defendant Marie Labesky's Motion to Quash Service of Process and Motion to Dismiss (Doc. #136) filed June 1, 2005, as modified on June 22, 2005 (Doc. #140). Defendant Labesky enters a special limited appearance for purposes of challenging jurisdiction and service of process and

seeking dismissal of this action.  The Court has previously advised Plaintiff how to respond to a dispositive motion (Doc. #9, ¶10). As of the date of this Order, Plaintiff has filed no response to Defendant's Motion.

Defendant Labesky seeks to quash the summons on the basis that the summons and complaint were not properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure.  In particular, Defendant Labesky points out that the summons in this matter directed to Ms. Labesky was hand-delivered by the U.S. Marshal to Carol Thorne, a receptionist at Liberty Behavioral on July 25, 2003.  On September 27, 2002, Ms. Labesky terminated her employment with Liberty; and, thus no longer was employed by Liberty.  Consequently, Ms. Thorne was not authorized to accept service on behalf of Ms. Labesky.

While an *in forma pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, Fowler v. Jones, 899 F.2d at 1088, 1095 (11th Cir. 1990), when a plaintiff fails to provide the Court with valid addresses for the defendants, the Court cannot meet this responsibility.  Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987); See also 28 U.S.C. §1915(d).  The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action on its own motion if service is not perfected within 120

days after the filing of the complaint, and the plaintiff. This matter is clearly subject to dismissal pursuant to the 120-day provision of Rule 4(m).

Plaintiff's Complaint was filed on November 22, 2002 and his Amended Complaint was filed on December 29, 2003, after Plaintiff was advised that Ms. Labesky was no longer employed by Liberty. Plaintiff has made no further efforts to obtain service over Defendant Labesky.  Even though a plaintiff is appearing *pro se,* "[a] plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which the plaintiff has knowledge.'" Salas v. Tillman, 2006 WL 122426 (11th Cir. 2006)(quoting Fowler v. Jones, 899 F.2d at 1095 (citing Rochon v. Dawson, 828 F.2d at 1110)).  Consequently, the Court will dismiss Plaintiff's Amended Complaint without prejudice against Ms. Labesky pursuant to Fed. R. Civ. P. 4(m).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Defendant Labesky's Motion to Quash Service of Process and Motion to Dismiss  (Doc. #136) filed June 1, 2205, as modified on June 22, 2005  (Doc. #140), is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED** without prejudice as to Defendant Labesky.

2.    The **Clerk of Court** shall enter judgment accordingly, terminate any motions relating to Defendant Labesky, and correct the caption to reflect the dismissal of this Defendant.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___13th___ day of March, 2006.


JOHN E. STEELE
United States District Judge



SA:   hmk

Copies: All Parties of Record