UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Aaron K. Marsh,

            Plaintiff,

vs.   Case No. 2:02-cv-599-FtM-29SPC

Jerry Reiger, Secretary; Kathleen Ann Kearney, Former Secretary; Gregory Donald Venz, Executive Director; Lynda Sommens, Contract Manager; Mark Hernandez, Contract Manager; Department of Children and Family Services; Dr. Robert Briody, Executive Director; Mr. Allen Paul Grimes, Network Administrator; Mr. Jorge L. Santana, Business Manager; Mr. Jack Youmans, Facility Safety Director; Mr. D. Robbie Mosley, Facility Safety Manager; Mr. William K. Landers, Facility Safety Manager; Mr. Jamie Landers, Therapeutic Assistance; Ms. Brenda Allen, Facility Safety Manager; Mr. L. Davis, Therapeutic Community Coordinator; Mr. Hartley Therapeutic Assistant; The Florida Civil Commitment Center; Liberty Behavioral Healthcare Corporation, And All Other Defendant(s),

All Sued in Their Individual and Official Capacities.

            Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendants' Hernandez, Polin, Kearney, Johnston, Venz, Sommens, State of Florida and Florida Department of Children and Family Services (collectively referred to as the "State Defendants") Renewal of Amended Motion to

Dismiss or in the Alternative, Motion for Summary Judgment (Doc. #133), filed May 31, 2005 (hereinafter the "State Defendants' Motion"). The State Defendants renew their Amended Motion to Dismiss, or in the Alternative for Summary Judgment (Doc. #46) filed May 29, 2003. Because the Motion refers to matters outside the four corners of Plaintiff's Amended Complaint, it will be converted into a motion for summary judgment. Somerville v. Hall, 2 F. 3d 1563, 1564 (11th Cir. 1993). Plaintiff was advised of the provisions of Fed.R.Civ.P. Rule 56. See Summary Judgment Notice (Doc. #134). Plaintiff filed a Response in Opposition to the State Defendants' Motion (Doc. #138) on June 20, 2005. This matter is now ripe for review.

## I.

At the time plaintiff filed this action he was a civil detainee awaiting a civil commitment trial pursuant to Fla. Stat. § 394.910 et. seq (the Jimmy Ryce Act). Plaintiff was confined at the Florida Civil Commitment Center ("FCCC"), which is operated by Liberty Behavioral Healthcare Corporation ("Liberty') pursuant to a contract with the Florida Department of Children and Families ("DCF"). Plaintiff alleges a myriad of constitutional claims against a number of defendants pursuant to 42 U.S.C. § 1983. In September 2003, the Court appointed counsel for the limited purpose of representing Plaintiff in connection with a hearing on Plaintiff's Motion for Preliminary Injunction (Doc. #77). On October 22, 2003, the Court denied Plaintiff's Motion for

Preliminary Injunction (Doc. #90). On November 25, 2003, the Court deferred ruling on various pending motions pending Plaintiff's filing of an Amended Complaint (Doc. #94). Plaintiff filed his Amended Complaint (Doc. #102) on December 29, 2003.

**A.**

The Court notes that Plaintiff's Amended Complaint does not name the following Defendants who were identified in the previous Complaint: Ms. Windy Johnson, State Attorney; Mr. Richard Pollin, State Attorney; Mr. R. Kunkle, Performance Improvement Coordinator, FCCC; and Ms. D. Doubbleday, Performance Improvement Coordinator, FCCC. Nor does Plaintiff's Amended Complaint contain any allegations sufficient to state a claim as to these Defendants. Consequently, since the Amended Complaint is the operative pleading, the Court these previously named Defendants are no longer parties to this action, and are dismissed from the case.

**B.**

Plaintiff's Amended Complaint is 74 pages long, contains 248 separate averments, and identifies 39 different Defendants, each sued in their individual and official capacities. Defendants include the Florida Department of Children Families ("DCF"), their administrative personnel and various other DCF employees; Liberty Behavioral Healthcare Corporation, its corporate officers, administrators and employees; and the Florida Civil Commitment Center, its administrators and various employees. Plaintiff's

Amended Complaint alleges the following constitutional deprivations:

   1.   First Amendment - access to court; freedom against retaliation for filing complaints; freedom of religion;

   2.   Fourth Amendment - unreasonable search and seizure, secure personal property from damages; infringed privacy;

   3.   Fifth Amendment - right against self-incrimination; double jeopardy; deprivation of life, liberty and property without due process of law;

   4.   Sixth Amendment - right to counsel in connection with Jimmy Ryce trial;

   5.   Eighth Amendment - cruel and unusual punishment depriving Plaintiff of medical care, unlawful seclusion and use of restraints;

   6.   Fourteenth Amendment - equal protection due process, false imprisonment;

   7.   Violation of the Florida Constitution.

Amended Complaint, pages 8-9, ¶1-7.  The Amended Complaint is written in a narrative fashion, and details various unrelated incidents that Plaintiff generally labels: (1) Statement of Facts; (2) Retaliation to Deprive Job, Harassment and Slandering (Id. pages 33-39, ¶115-123); (3) Harsh Conditions in Westlaw Computer Room to Deny Access to Court (Id. pages 39-40, ¶124-127); (4) Unlawful Search and Seizure, Due Process and Equal Protection (Id. pages 40-45, ¶128-144); (5) Due Process, Equal Protection and Discrimination (Id. pages 45-50, ¶145-160); (6) Mental Health Malpractice, Unlawful Seclusion, and Restraints (Id. pages 50-55, ¶161-177); (7) Due process to Personal Property, Damage and Loss of Personal Property (Id. pages 55-58, ¶178-191); (8) Conspiracy (Id.

pages 58-68, ¶192-224) and (9) Deprive Medical Care (Id. pages 68-73, ¶1-21). Plaintiff seeks monetary, compensatory and punitive damages, as well as unspecified injunctive and declaratory relief (Id. pages 73-74, ¶1-6).

**II.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of

proof at trial motion. <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 322; <u>Hilburn v. Murata Elecs. N.Am., Inc.</u>, 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, if there is a conflict in the evidence the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. <u>Shotz v. City of Plantation, Fl.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003).

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d at 1059; <u>Swint v. City of Wadley, Ala.</u>, 51 F.3d 988 (11th Cir. 1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

At the time Plaintiff filed his Amended Complaint he was detained at the FCCC pending his Jimmy Ryce Trial. Although not

a prisoner, a person who is civilly committed is in a position analogous to a criminally confined prisoner. See Pullen v. State, 802 So. 2d 1113, 1119 (Fla. 2001)("the curtailment of the fundamental right of liberty is implicated in both criminal proceedings and involuntary civil commitments"). Residents at the FCCC who are civilly committed are subject to internal regulations much like those established by the Florida Department of Corrections and are considered "totally confined." See Fla. Stat. § 394.912(11). The Court concludes that persons at the FCCC who are civilly committed must be afforded _at_ _least_ the same constitutional rights as that afforded to prisoners.

The State Defendants seek summary judgment on the basis of: (1) Eleventh Amendment Immunity; (2) *respondeat superior* not being a recognized basis for §1983 claims; (3) Plaintiff's failure to produce evidence that his transfer was the result of retaliation; and (4) Plaintiff's failure to demonstrate that he was denied access to court. Defendants attach to their Motion the Affidavit of Gregory Venz (Exhibit A); Affidavit of Alan Grime (Exhibit B); DCF Account Report for the Library at the FCCC (Exhibit C); and The FCCC Resident Handbook (Exhibit D).

Construing the Amended Complaint liberally, the Court finds that Plaintiff is attempting to allege the following claims against the State Defendants: (1) First Amendment violations for retaliation resulting in Plaintiff's transfer from South Bay Correctional to the FCCC (pages 1-14, ¶1-36); and (2) First

Amendment violations for denying Plaintiff access to court while at Florida Civil Commitment Center (pages 14-33, ¶36-(pages 39-40, ¶124-127).

**A. Eleventh Amendment Immunity**

The State Defendants contend that they are entitled to Eleventh Amendment Immunity. The Eleventh Amendment precludes certain suits by citizens against their own States in federal court. Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 67 (1996); Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000). Eleventh Amendment immunity applies unless Congress validly abrogates that immunity or the state waives the immunity and consents to be sued. Miller v. King, 384 F.3d 1248, 1268 (11th Cir. 2004); Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990). It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45 (1979); Cross v. State of Ala., 49 F.3d 1490, 1502 (11th Cir. 1995). Additionally, Florida has not waived its sovereign immunity or consented to be sued in damage suits brought pursuant to § 1983. Gamble v. Florida Dep't of Health & Rehab. Serv., 779 F.2d 1509, 1513 (11th Cir. 1986); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986); Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990).

The Florida Department of Children & Families is the re-designation of the Florida Department of Health and Rehabilitative Services, an agency of the State of Florida. Doe, 1-13 Ex Rel., Doe Sr. 1-13 v. Bush, 261 F.3d 1037, 1042 n. 2 (11th Cir. 2001), *cert. denied*, 534 U.S. 1104 (2002). The Eleventh Circuit has held that the Florida Department of Health and Rehabilitative Services is immune under the Eleventh Amendment from a damage suit in federal court. Gamble v. Florida Dep't of Health and Rehabilitative Servs., 779 F.2d at 1513.

To the extent that Plaintiff is suing the State Defendants in their official capacities, they are entitled to Eleventh Amendment immunity. It is well established that a suit against a defendant governmental officer in his or her official capacity is the same as a suit against the entity that employs the officer. See McMillian v. Monroe County, 520 U.S. 781, 785 n.2 (1997); Kentucky v. Graham, 473 U.S. 159, 165 (1985); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). The Eleventh Amendment precludes these official capacity claims.

Accordingly, the State Defendants' Motion will be granted based upon Eleventh Amendment immunity as to the Department of Children and Family Services and as to the official capacity claims of defendants Hernandez, Polin, Kearney, Johnston, Venz, and Sommers.

**B. Respondeat Superior**

As to the individual capacity claims, it is clear that Plaintiff's claims stem from defendants' supervisory positions, not their personal involvement. Section 1983 claims predicated on *respondeat superior* theories have been uniformly rejected. Monell v. Dep't of Social Services, 436 U.S. 658, 690-692, 98 S.Ct. 2018, 2036 (1978); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1189 (1994). Reiger, Kearney, and Venz' position as the former Secretaries or interim director of the DCF does not, without more, subject them to liability. Consequently, the Court finds Plaintiff's Amended Complaint and the evidence submitted by plaintiff fails to establish a constitutional claim against Defendants Reiger, Kearney and Venz. Additionally, Plaintiff's Amended Complaint and submitted evidence does not establish a policy, custom or practice that was the "moving force" behind any of the alleged misconduct. Board of County Commissioners v. Brown, 117 S.Ct. 1382, 1388 (1997); see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999).

**C. Retaliation**

Plaintiff claims that on October 12, 2001 Defendants Hernandez and Sommens, who are employees of DCF, retaliated against Plaintiff for being a "litigator" by having Plaintiff transferred from South Bay Correctional Facility in South Bay, Florida to the FCCC while Plaintiff had cases pending in courts. Amended Complaint, pages

12-14, ¶23-35.  Plaintiff was transferred to the FCCC sometime in December 2001.  Plaintiff should have filed this claim in the United States District Court for the Southern District of Florida since that is the court with proper venue over Plaintiff's allegations. Nonetheless, the Court finds that based on the record there is no evidence whatsoever that Plaintiff's transfer to the FCCC was for retaliatory reasons.  According to the Affidavit of Gregory Venz, DCF was not involved in the assignment or transfer of any residents to either the South Bay or FCCC facility, including Mr. Marsh.  Rather, the directors of the FCCC and South Bay "could, by mutual agreement, transfer residents  from one facility to the other as needed to address operational issues."  A review of DCF files contain no information that indicate that DCF was in any way involved in Mr. Marsh's transfer.  State Defendants' Motion, Affidavit of Gregory Venz, Exhibit A.  Plaintiff's claim of retaliation is based completely on innuendo and speculation. Plaintiff has not come forward with any evidence to refute the fact that DCF was not involved in transfer decisions, and accordingly the Court will grant Defendants' Motion on this issue.

### D. Access to Court

Plaintiff complains generally that he is being denied access to court because at the FCCC he is not able to use Westlaw on-line, is not permitted unlimited use of the Westlaw cd rom library, is limited in his ability to make free copies, and is not provided with unlimited free postage while at the FCCC.  The State

Defendants argue that Plaintiff has failed to demonstrate that he has been denied access to court. The Court agrees.

The Supreme Court has made clear that inmates have a constitutional right to access to the court. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996)(citing <u>Bounds v. Smith</u>, 430 U.S. 817, 821, 828 (1977)). This right, however, requires institutions to make sure that an inmate has "a reasonable adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." 430 U.S. 825. It is **access to the courts** which is the protected constitutional right, **not access to legal materials or a law library**. <u>Casey</u>, 518 U.S. at 351; <u>Akins v. U.S.</u>, 204 F.3d 1086, 1090 (11th Cir. 2000)(emphasis added). Thus, an inmate must show that his "fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement" were impaired or obstructed by an official's action. <u>Id</u>.

An institution's failure to provide "legal materials" whenever requested by a litigant does not, in itself, demonstrate an unconstitutional impediment. <u>Id</u>. The right of access does not guarantee that a litigant will prevail on his claim or confer a right to unlimited resources that a litigant may deem necessary to "litigate effectively once in court." <u>Casey</u>, 518 U.S. at 354. The FCCC provides residents with a computer lab that contains 25 computers. Four of these computers are dedicated to computerized

research and three computers are used exclusively for printing. The FCCC spends approximately $13,000.00 on legal materials which include: Premise, a CD ROM research service with seven databases, including Florida cases, Florida Jurisprudence 2d, Florida Statutes, Federal Reporter 1980-current, Federal Supplement 1980-current, Supreme Court Reporter, and United States Code Annotated. Affidavit of Alan Grimes, Network Administrator, FCCC, Exhibit B to State Defendants' Motion. The resources provided to residents at the FCCC clearly provide residents with a "reasonable adequate opportunity" to file their claims. Plaintiff's asserted right to use Westlaw on-line or be afforded unlimited use of the FCCC's legal CD ROM library is not the "right to access" mandated by the Supreme Court. Bounds, 430 U.S. 817.

Similarly, Plaintiff's perceived right that he must be afforded with unlimited stamps and copying is misplaced. The Supreme Court has held that indigent inmates must be provided free stamps. See Hoppins v. Wallace, 751 F.2d 1161 (11th Cir. 1985)(citing Bounds v. Smith, 430 U.S. 817, 824-25 (1977)). Nonetheless, "[t]he control of prison mail is a matter of prison administration." Brown v. Wainwright, 419 F.2d 1308, 1308 (5th Cir. 1969).[1] Although Plaintiff must be provided some free postage, he is not entitled to unlimited postage. Hoppins, 751

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

F.2d at 1162; Van Poyck v. Singletary, 106 F.3d 1558, 1559 (11th Cir. 1997). Pursuant to the FCCC Resident Handbook, attached as Exhibit D to State Defendants' Motion, Plaintiff is provided two stamps a week. Plaintiff has not demonstrated that he has failed to receive said postage and the Eleventh Circuit has deemed two stamps a week to provide adequate access to the courts. See Hoppins, 751 F.2d at 1161-62. Nor has an institution's failure to provide envelopes for legal mail been found not to state a cognizable ground for relief. Pyles v. Carlson, 698 F.2d 1131 (11th Cir. 1983). The Court takes notice of the fact that Plaintiff has made copies of voluminous documents and mailed multiple pleadings in this as well in the other actions he has pending before this Court. Additionally, the FCCC Resident Handbook describes specific benefits afforded to indigent residents to provide for mailing and copying costs. See page 12 of FCCC Resident Handbook. The Court finds no evidence that Plaintiff was denied access to court and will grant Defendants' Motion as to this claim.

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1. Defendants' Hernandez, Polin, Kearney, Johnston, Venz, Sommens, State of Florida and Florida Department of Children and Family Services Motion for Summary Judgment (Doc. #133) is **GRANTED**.

2. The **Clerk of Court** shall: (a) enter judgment in favor of

these Defendants; and (b) terminate any outstanding motions with respect to these Defendants.

**DONE AND ORDERED** in Fort Myers, Florida, on this __27th__ day of March, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record