```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

AARON K. MARSH,

                  Plaintiff,

vs.                                     Case No. 2:02-cv-599-FtM-29SPC

Jerry Reiger, Secretary; Kathleen Ann Kearney, Former Secretary; Gregory Donald Venz, Executive Director; Lynda Sommens, Contract Manager; Mark Hernandez, Contract Manager; Department of Children and Family Services; Dr. Robert Briody, Executive Director; Mr. Allen Paul Grimes, Network Administrator; Mr. Jorge L. Santana, Business Manager; Mr. Jack Youmans, Facility Safety Director; Mr. D. Robbie Mosley, Facility Safety Manager; Mr. William K. Landers, Facility Safety Manager; Mr. Jamie Landers, Therapeutic Assistance; Ms. Brenda Allen, Facility Safety Manager; Mr. L. Davis, Therapeutic Community Coordinator; Mr. Hartley Therapeutic Assistant; The Florida Civil Commitment Center; Liberty Behavioral Healthcare Corporation, And All Other Defendant(s),

All Sued in Their Individual and Official Capacities.

                  Defendants.
_____

**OPINION AND ORDER**

Before the Court is Defendants Briody, Grimes, Doubbleday, Santana, Mosley, Landers, Allen, Davis, Hartley, Florida Civil Commitment Center, Liberty Behavioral Healthcare Corporation and Landers' Motion to Dismiss (Doc. #135) filed June 1, 2005

(collectively referred to as the "FCCC Defendants' Motion"). Defendants seeks dismissal of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. Rule 8. Plaintiff filed a Response in Opposition to the FCCC Defendants' Motion (Doc. #141) on June 27, 2005. This matter is now ripe for review.

**I.**

The Court has set forth the background of this case in a prior Order and Opinion (Doc. #162, pp. 2-5), which the Court adopts and incorporates. In deciding a motion to dismiss, the Court must accept well pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). Since Plaintiff is proceeding *pro se*, his pleadings are held to the less stringent standard normally afforded *pro se* pleadings. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A.,

534 U.S. 506, 512 (2002). However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. Unsupported conclusions of law or of mixed law and fact in a complaint will not be accepted by the court. Marsh, 268 F.3d at 1036 n.16.

## II.

Having reviewed the FCCC Defendants' Motion and Plaintiff's Response thereto, the Court will grant the Motion due to the Amended Complaint's failure to conform to Federal Rule of Civil procedure, Rule 8. Additionally, the Court finds Plaintiff's Amended Complaint the type of "shotgun" pleading disfavored by the Court. See Cramer v. State of Florida, 117 F.3d 1258, 1263 (11th Cir. 1997) (shotgun pleadings are unacceptable)(collecting cases). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented here, and shotgun pleadings "exact an intolerable toll on the trial court's

docket." Cramer, 117 F.3d at 1263. See also Pelletier v. Zweifel, 921 F.2d 1465, 1518 (11th Cir. 1991), cert. denied, 502 U.S. 855 (1991)(rambling recitation and claims for relief based on all of the facts pled); Cramer, 117 F.3d at 1261 ("complaint is a rambling "shotgun" pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these [plaintiffs] are claiming."); Strategic Income Fund, 305 F.3d at 1296, n.9-10 (collecting cases).

The Court has spent an inordinate amount of time trying to decipher: which of 248 factual allegations relate to which, if any, constitutional claim; and which, if any, of the FCCC Defendants were involved in which of the various alleged constitutional deprivations. The Court notes that despite the Court's caution to limit the Amended Complaint to only related claims, Plaintiff includes factual allegations from May 19, 2002 through December 18, 2003. The Court finds that the Amended Complaint is confusing and at time incomprehensible due to its monthly narrative fashion, recitation to state statutes, administrative regulations, and case law. Rule 8(a) requires that pleadings include a short and plain statement of facts showing that the pleader is entitled to relief. Fed.R.Civ.Pro.8(a). Plaintiff's Amended Complaint falls far short of this pleading requirement.

The Court recognizes its obligation to liberally construe *pro se* pleadings, Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied

405 U.S. 948 (1972), and has permitted Plaintiff an opportunity to amend and re-amend his complaint. Further, the Court advised Plaintiff as to how to correct the deficiencies in his Complaint[1]. Nonetheless Plaintiff is required to comply with minimal pleading standards. Heard v. Nix, 2006 WL 452086 (11th Cir. 2006); Sammons v. Taylor, 967 F.2d 1533, 1538 (11th Cir. 1992); see also Abdelsamed v. U.S. 31 Fed. Appx. 632, 2002 WL 462027 (10th Cir. 2002), cert. denied 123 S. Ct. 1798 (2003) (finding that *pro se* complaint's lengthy, incoherent and conclusory allegations violated Rule 8(a) pleading standards and was properly dismissed). Additionally, the Court is not to "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." Lett v. U.S. Marine Corps, 2005 WL 2179795 (S.D. Ala. 2005).

Even liberally construing the Amended Complaint, the Court is hard-pressed to identify meritorious constitutional claims against the FCCC Defendants. Plaintiff cannot bring claims on behalf of FCCC resident Shaw. See Retaliation, Harassment and Slandering (Plaintiff's Amended Complaint, pages 33-39, ¶115-123). It is

---

[1] Plaintiff also filed, without leave of Court and in violation of Rule 15 of the Federal Rules of Civil Procedure, the following pleadings: (1) Second Amended Complaint (Doc. #111) filed March 3, 2004, (2) Second Supplemental Complaint (Doc. #114) filed March 12, 2004; (3) Amended Complaint (Doc. #117) filed April 26, 2004; (4) Second Supplemental Complaint (Doc. #118) filed April 26, 2004; (5) Third Supplemental Complaint (Doc. #120) filed May 10, 2004; (6) Fourth Amended Complaint (Doc. #121) filed June 19, 2004. After reviewing these pleadings, the Court ordered these pleadings stricken as they did not streamline Plaintiff's Amended Complaint but rather sought to include additional claims and defendants. See Doc. #132.

access to the courts which is the protected constitutional right, not access to comfortable conditions while in the westlaw library. Lewis v. Casey, 518 U.S. 343, 351 (1996); Akins v. U.S., 204 F.3d 1086, 1090 (11th Cir. 2000). See Harsh Conditions in Westlaw Computer Room to Deny Access to Court (Plaintiff's Amended Complaint, pages 39-40, ¶124-127). The Court in its October 22, 2003 Order previously denied Plaintiff's Motion for Preliminary Injunction with respect to Marsh's July 2003 placement on secure management status, and further denied Marsh's due process claim finding that the procedures "more than adequate in providing Marsh with due process." (Doc. #90, Page 8). See Unlawful Search and Seizure, Due Process and Equal Protection and Due Process, Equal Protection and Discrimination (Plaintiff's Amended Compliant, pages 40-50, ¶128-160). Mere negligence or even gross negligence does not satisfy the "sufficiently culpable state of mind" standard to prove deliberate indifference to medical care. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004). See Mental Health Malpractice, Unlawful Seclusion, and Restraints and Deprive Medical Care (Amended Complaint, pages 50-55, ¶161-177 and pages 68-73, ¶1-21). The destruction of Plaintiff's property, whether done negligently or intentionally or recklessly, does not present a constitutional violation. See Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). See Due Process to Personal Property, Damage and Loss of Personal Property (Amended Complaint, pages 55-58, ¶178-191). The Court takes judicial notice that Plaintiff pled

*nolo contendre* to the charges for which Plaintiff claims he was "illegally confined." A claim challenging unlawful conduct leading to an unconstitutional conviction cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Koger v. Florida, 2005 WL 1027204, (11th Cir. May 3, 2005). See Conspiracy (Amended Complaint, pages 58-68, ¶192-224).

Based upon the foregoing, and because Plaintiff has not complied with the Court's Order to correct the various deficiencies noted by the Court in its previous Order, See Heard v. Nix, 2006 WL 452086 (11th Cir. 2006)(wherein the Eleventh Circuit upheld the district court's *sua sponte* dismissal of a *pro se* complaint with prejudice for plaintiff's failure to revise amended complaint to comply with Rule 8), and since it does not appear that the statute of limitations has run on Plaintiff's various claims against the FCCC Defendants, see Ortega v. Schramm, 922 F.2d 684 (11th Cir. 1991)(finding Fla. Stat. §95.11(3)(o) four-year statute limitations applicable to 42 U.S.C. §1983 claims), the Court will dismiss this action without prejudice.

ACCORDINGLY, it is hereby

**ORDERED** and **ADJUDGED:**

1.   Defendants Briody, Grimes, Doubleday, Santana, Mosley, Landers, Allen, Davis, Hartley, Florida Civil Commitment Center, Liberty Behavioral Healthcare Corporation and Landers' Motion to

Dismiss (Doc. #135) is **GRANTED,** and Plaintiff's Amended Complaint is dismissed without prejudice.

    2.    The **Clerk of Court** shall: (a) enter judgment accordingly, (b) terminate any pending motions; and (c) close this file.

    **DONE AND ORDERED** in Fort Myers, Florida, on this __27th__ day of March, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record